**James ATNIP, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 755.**

United States District Court
E. D. Tennessee,
Winchester Division.
Aug. 3, 1965.

---

Cobb & Wilson, Shelbyville, Tenn., Rondal T. Wilson, Shelbyville, Tenn., of counsel, for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., and Bomar & Shofner, Shelbyville, Tenn., B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., and John C. Shofner, Shelbyville, Tenn., of counsel, for defendant.

NEESE, District Judge.

This is an action in which the plaintiff seeks to recover damages for injuries to his person and property by virtue of the alleged negligence of an employee of the defendant United States of America while allegedly operating a motor vehicle on the business of the defendant. The action was instituted in a state court, sub nom. James Atnip v. Glover Davis, and was removed to this court on petition and certification under the provisions of 28 U.S.C. § 2679(d). The plaintiff has now moved to remand the action to the state court, 28 U.S.C. § 2679(d).

In his deposition, the original defendant Mr. Davis testified that on the date of the accident he was a rural mail carrier but that, in the process of making his mail deliveries, he interrupted his official duties " * * * To make a personal stop. To pick up some eggs. * * *" This was after he had left the Post Office but prior to his first scheduled mail stop, and he had previously purchased the eggs. The accident occurred as the carrier sought to turn his vehicle from the highway into the premises at the place of business on the side of the road where he intended to receive delivery of the eggs.

It is only when an employee of the federal government is operating a motor vehicle in such manner as to be acting within the scope of his office or employment that an action for damages to property or for personal injury under 28 U.S.C. § 2679(b) may be removed by the Attorney General to a United States District Court from a state court; and, when it is determined on a hearing on a motion to remand held before a trial on the merits that such a case so removed is one in which a remedy by suit within the meaning of 28 U.S.C. § 2679(b) is not available against the United States, the Court is required to remand the action to the state court whence it was removed. 28 U.S.C. § 2679(d).

However, " * * * it is not * * * every departure or deviation from the direct line of duty which will relieve the employer from liability, since it is generally recognized that a slight or incidental turning aside from the direct and immediate pursuit of the employer's purposes, does not necessarily take the driver out of his employment. * * *" 8 Am.Jur. (2d) 169–170, Automobiles sec. 618, fn. 18. Where a taxi driver discharged his passengers, then turned off the street to pick up a block of ice to take to his own home for his personal use, and was involved in an accident while backing from the loading dock of the ice plant, the Court concluded that the driver was acting within the apparent scope of

388

his employment when the accident occurred, the Court observing that "* * * (t)o permit the defendant to escape upon this line of proof, then every time a chauffeur stopped his cab * * * at a grocery store to buy a pound of coffee or a loaf of bread would be holding that he had departed from the scope of his employment and was engaged in his own personal business. * * *" Yellow Cab Co. v. Bailey, C.A.Tenn. (1927), 5 Tenn. App. 349, 355, certiorari denied, cited in Ely v. Rice Bros., C.A.Tenn. (1942), 26 Tenn.App. 19, 28, 167 S.W.2d 355, 359, certiorari denied. Cf. also Kohlman v. Hyland (1926), 54 N.D. 710, 210 N.W. 643, 50 A.L.R. 1437; Healey v. Corkrill (1918), 133 Ark. 327, 202 S.W. 229.

■■ The question of whether Mr. Davis was operating the defendant's motor vehicle within the scope of his employment at the time of his accident with the plaintiff must be ultimately decided by the trier of facts herein. Ely v. Rice Bros., supra. But for the purposes of the plaintiff's motion for a remand of this action, the Court finds from the aforesaid pretrial deposition of the original defendant Mr. Davis that his deviation from his mail route for a personal purpose was of such minor nature as to be merely incidental to the business purpose of his trip. Cf. 51 A.L.R.2d 53–55, Automobiles, Deviation from Employment, sec. 13.

Nothing more appearing, for the present at least, the Court is of the opinion, finds and concludes that Mr. Davis was operating his motor vehicle in such manner as to be acting within the scope of his employment within the purview of 28 U.S.C. § 2679(b), and that a remand of this action at this time would not be proper. The motion of the plaintiff to remand, therefore, hereby is

Denied.

By way of memorandum to counsel, the Court invites attention to the fact that the accident herein involved is alleged to have occurred on February 4, 1964, and there is an indication in the record that this action was not commenced until March 6, 1965, more than one year following the accident. T.C.A. § 28-304. Counsel should investigate the question of whether the state statute of limitation in actions for personal injuries or that set forth in the Federal Tort Claims Act governs.