Erma WILBUR, Plaintiff,

v.

Martin F. ARKUSZEWSKI et al.,
Defendants.

David W. WILBUR, Plaintiff,

v.

Martin F. ARKUSZEWSKI et al.,
Defendants.

Civ. A. Nos. 2462, 2463.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 18, 1970.

292

William W. Hawkins, and Shelby W. Smoot, Kingsport, Tenn., for plaintiffs.

Dick L. Johnson, Johnson City, Tenn., for defendant, Martin F. Arkuszewski.

Frank K. Moore, and Richard Hopson, Kingsport, Tenn., for defendant, C. B. Lester, d/b/a City Hall Shell Service Station.

No appearance for defendant, Frank H. Lane.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

■ These are diversity actions for unliquidated damages for personal injuries involving common questions of law and fact. They hereby are consolidated for purposes of trial. Rule 42(a), Federal Rules of Civil Procedure; Stemler v. Burke, C.A.6th (1965), 344 F.2d 393, 396[2].

■ At the request of the respective plaintiffs, the clerk properly entered the default of the defendant Mr. Frank H. Lane for his failure to plead or otherwise defend, Rule 55(b) (1), Federal Rules of Civil Procedure. Proper application having been made, and it appearing by affidavit that the defendant Mr. Lane is not an infant, an incompetent, or in the military service, the Court hereby ADJUDGES that such defendant is in default, Rule 55(b) (2), Federal Rules of Civil Procedure. It being necessary to determine the amount of damages, a hearing on such question will be conducted coincident with the trial herein, at which Mr. Lane will be in court on such hearing, limited to the amount of damages, to the same extent that he would have been in court in a trial on the merits. Peitzman v. City of Illmo, C.C.A.8th (1944), 141 F.2d 956, 962 [16], certiorari denied (1944), 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, rehearing denied (1944), 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647.

■ The motion of the defendant Mr. Arkuszewski for a summary judgment against the plaintiff Mr. Wilbur, on the ground that there is no genuine issue of material fact extant between those parties, Rule 56(b), Federal Rules of Civil Procedure, is frivolous and hereby is denied. That defendant claims that at the time and place of the accident herein he and Mr. Wilbur were within the course and scope of their respective employments with Alladin Plastics, Inc. Mr. Wilbur denies this, contending in his discovery deposition that at such time and place these parties had ceased the pursuit of their employment and were enjoying a social evening together. This issue must be decided ultimately by the trier of the facts herein. Atnip v. United States, D.C.Tenn. (1965), 245 F. Supp. 386, 388[4].