**DELTA CORPORATION OF AMERICA, Plaintiff,**

v.

**SEBRITE CORPORATION et al., Defendants.**

**No. CIV-2-74-76.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 30, 1974.

On Motion For New Trial Nov. 19, 1974.

Richard L. Carson, and John H. Doughty, Knoxville, Tenn., for plaintiff.

J. W. Baker, Knoxville, Tenn., and Maurice L. Strong, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a civil diversity action, 28 U.S.C. §§ 1332(a)(1), (c), by the plaintiff Delta Corporation of America (Delta), the individual defendant Mr. Gwaltney's former employer, for damages and injunctive relief against Mr. Gwaltney and his present employer Sebrite Corporation (Sebrite), for relief for redress of an alleged breach of the following portions of an employment agreement:

\* \* \* \* \* \*

### VII. COVENANT NOT TO COMPETE

For a period of one year after the termination of this agreement the EMPLOYEE will not, directly or indirectly, own, manage, operate, control, be employed by, participate in or be connected in any manner with the ownership, management, operation or control of any business that solicits or services accounts of financial institutions or mobile home dealers that were customers of the COMPANY during the 12 month period prior to the termination of the AGREEMENT.

\* \* \* \* \* \*

The defendants moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure. A hearing was held on the plaintiff's motion for a preliminary injunction on July 5, 1974. The following facts are undisputed:

\* \* \* \* \* \*

(1) The plaintiff Delta and the defendant Sebrite are competitors in the business of originating and servicing mobile home loans for banks and other organizations.

(2) On approximately February 1, 1972, the individual defendant Mr. Gwaltney was employed by Delta as a district manager for the eastern portion of Tennessee and afterward also for five counties in western Virginia.

(3) On November 1, 1973 Mr. Gwaltney was promoted by Delta to the position of regional vice-president, i. e.

a field supervisor of district managers in Kentucky, Tennessee, North Carolina and South Carolina.

(4) Mr. Gwaltney did not thereafter sign a new agreement with Delta.

(5) Delta solicited or serviced accounts from coast to coast in some 36 states.

(6) On January 14, 1974, Mr. Gwaltney resigned his position with Delta and subsequently assumed a similar position with Sebrite as its district manager for the eastern portion of Tennessee.

*   *   *   *   *   *

Tennessee law is applicable. 28 U.S.C. § 1652. The general guidelines for construing such covenants in Tennessee courts are set forth in Allright Auto Parks, Inc. v. Berry (1966), 219 Tenn. 280, 409 S.W.2d 361, 363[1], as follows:

*   *   * Agreements in restraint of trade, such as covenants restricting competition, are not invalid per se. Although disfavored by law, such agreements are valid and will be enforced, provided they are deemed reasonable under the particular circumstances *   *   *.

*   *   * There is no inflexible formula for deciding the ubiquitous question of reasonableness, insofar as noncompetitive covenants are concerned. Each case must stand or fall on its own facts. However, there are certain elements which should always be considered in ascertaining the reasonableness of such agreements. Among these are: the consideration supporting the agreements; the threatening danger to the employer in the absence of such an agreement; the economic hardship imposed on the employee by such a covenant; and whether or not such a covenant should be inimical to public interest. *   *   *

*Ibid.,* at [2].

*   *   * It is generally agreed that, before a noncompetitive covenant will be upheld as reasonable and therefore enforceable, the time and territorial limits involved must be no greater than is necessary to protect the business interests of the employer. *   *

*Ibid.,* at [3].

The aforementioned covenant is obviously reasonable as to the 12-month limitation of time involved. However, pretermitting any factual issue as to the supporting consideration for this covenant, the covenant prohibits Mr. Gwaltney from being associated with any like business anywhere the plaintiff has customers, undisputed to be in some thirty-six states. This territorial limitation is much greater than is necessary to protect Delta's business interests and is therefore unenforceable.

"*   *   * [N]oncompetition covenants, which embrace territory in which the employee never performed services for his employer, are unreasonable and unenforceable. *   *   *" *Ibid.,* at 364 [5]. "*   *   * [T]he modern trend of courts *   *   * is to construe noncompetition contracts favorably to the employee. *   *   *" *Ibid.,* at 365[7].

The plaintiff's reliance upon Ramsey v. Mutual Supply Company (1968), 58 Tenn.App. 164, 427 S.W.2d 849 is misplaced. That case held a noncompetition covenant reasonable, even though it encompassed territory in which the employee never represented the employer. As was stated therein: "*   *   * [T]he territorial scope of a restrictive covenant not to compete is reasonable, although it covers territory in which the employee at the time of the termination of the contract of employment had no business contract, *if it could be reasonably anticipated that such territory might be within his coverage at some period during employment. *   *   *"* (Emphasis supplied). 427 S.W.2d at 853[4]. It would be unreasonable to anticipate that Mr. Gwaltney's employment contemplated the territory embraced by such covenant, especially when the undisputed nature of Mr. Gwaltney's employment is considered. Likewise, Kaset v. Combs, C.A.Tenn. (1968), 58 Tenn.App. 559, 434 S.W.2d

838, is inapposite, because the issue of reasonableness of time and space was not treated therein.

■ Delta also contends that Mr. Gwaltney's personal contacts with its clients and his knowledge of interest rates it charged, *etc.*, constituted trade secrets, and therefore that the covenant in question should not be controlled by the aforesaid general rules. In this regard, it relies principally upon Blue Bell v. Kellwood Company, C.A.Tenn. (1970), (unreported). Such case is completely inapposite under the undisputed facts herein. In *Blue Bell, supra,* the employee agreed to the employment contract, which specifically prohibited the employee from using, or disclosing " * * * trade secrets or any other information which is considered confidential or secret. * * * " *Ibid.* at page 3. Therein, after the aforesaid agreement was executed the employee was granted access to Blue Bell's research and development division wherein new and secret processes were being developed in restricted areas. The Court there held that under those particular circumstances trade secrets were involved, and that such unrestricted covenant was necessary to protect the employer. There are no such "trade secrets" involved herein.

Federated Mut. Imp. & Hardware Ins. Co. v. Anderson, C.A.Tenn., (1961), 49 Tenn.App. 124, 351 S.W.2d 411, recognized an employer's legitimate interest in restraining its employee from using his rapport, accumulated through personal contact with his customers, to the employer's disadvantage. However, the aforesaid case also recognized that such restraint must be reasonable as to time and space. *Ibid.*, at 415[2]. In Arkansas Dailies v. Dan, C.A.Tenn. (1953), 36 Tenn.App. 663, 260 S.W.2d 200, the employer contended that the following constituted "trade secrets": " * * * That [the employee] (1) knew the expiration dates of each of the complainant's contracts (2) the percentage of compensation to complainant under each of these contracts, and (3) the individual prob-

lems of each customer and the personal habits of mind which influence the decision of the [customer]. That armed with this knowledge he is able to approach a customer of complainant on terms of intimacy and familiarity at the right time with the right price. * * * *Ibid.*, at 204. (The contentions of the plaintiff herein are almost exactly the same as the aforesaid contentions.) The Chancellor held that the foregoing did not constitute "trade secrets". The Court's dictum strongly indicated that a Court should not ignore an employee's personal contact with the employer's customers, *ibid.*, 260 S.W.2d at 2–4[4], but held that the Chancellor's holding that such were not trade secrets was correct. *Ibid.*, 260 S.W.2d at 205[5]. The Court held in Matthews v. Barnes (1927), 155 Tenn. 110, 113–114, 293 S.W. 993, that, even where personal contact with the employer's customers and good will were involved, the covenant in restraint of trade must be reasonable as to time and space.

■ By amendment to its complaints herein of July 5, 1974, Delta impliedly requested that the doctrine of severability be applied, Corbin on Contracts, Vol. 6A § 1394, pg. 104, as to enforcement of the covenant in the eastern portion of Tennessee and in five counties in southwestern Virginia. In Ramsey v. Mutual Supply Company, *supra* the Court refused to apply the doctrine of severability (which had been used by the lower court) and instead held that the covenant therein was valid in its entirety. In Allright Auto Parks, Inc. v. Berry, *supra,* an employee was a manager for the plaintiff in three cities, while the plaintiff operated in 46 cities covering 17 states and Vancouver, B. C. The Court there held that the area encompassed by the noncompetition covenant was much greater than needed to protect the employer. It is significant to note that the Supreme Court of Tennessee was presented therein with a situation wherein the subject covenant could have been severed and enforced as to only the three cities wherein the em-

ployee worked, but declined so to do. Therefore, there is no indication that Tennessee follows the severability doctrine: rather that the contrary is true.

From all which it appears to this Court that the plaintiff is entitled to neither damages from the defendant or injunctive relief. Accordingly, the plaintiff Delta Corporation of America hereby is denied all relief herein.* Rule 58 (1), Federal Rules of Civil Procedure.

## ON MOTION FOR NEW TRIAL

The plaintiff was denied all relief herein, judgment of September 30, 1974, and moved for a new trial, Rule 59(a) (2), Federal Rules of Civil Procedure. The motion and the grounds urged in its support lack merit.

The plaintiff's brief is limited to a presentation, as the latest statement of the controlling law, of an opinion of the Tennessee Court of Appeals, western section, to which this Court's attention had not earlier been invited. William B. Tanner Company. Inc., plaintiff-appellee, v. James C. Taylor, defendant-appellant, and Sweep Productions, Inc., defendant, filed July 1, 1974. Such cited case and this action are distinguishable on their respective facts. Both appear to rely upon the same basic authority.

Presiding Judge Carney, for the Tennessee court, relied upon the decision of Kaset v. Combs,[1] C.A.Tenn. (1968), 53 Tenn.App. 559, 434 S.W.2d 838, certiorari denied (1968), which, in turn, relied on Allright Auto Parks, Inc. v. Berry (1966), 219 Tenn. 280, 409 S.W.

2d 361. This Court quoted at some length from *Allright, supra.* See memorandum opinion herein of September 30, 1974. *Inter alia,* it was said:

\* \* \* \* \* \*

\* \* \* [C]ovenants restricting competition \* \* \* are valid and will be enforced, provided they are deemed reasonable under the particular circumstances \* \* \*

\* \* \* There *is* no inflexible formula for deciding the ubiquitous question of reasonableness \* \* \*. Each case must stand or fall on its own facts. \* \* \*

*Ibid.,* 409 S.W.2d at 363, [1], [2].

\* \* \* \* \* \*

\* \* \* [B]efore a noncompetitive covenant will be upheld as reasonable and therefore enforceable, the \* \* \* territorial limits involved must be no greater than is necessary to protect the business interests of the employer. \* \* \*

*Ibid.,* 409 S.W.2d at 363[3].

In *Tanner, supra,* the noncompetitive covenant was deemed reasonable under the particular circumstances, with a territorial limit no greater than was necessary to protect the business interests of the employer. Herein, the noncompetitive covenant was deemed unreasonable under the particular circumstances, with a territorial limit greater than was necessary to protect the business interests of the employer.[2]

Motion denied.

---

\* Such decision renders the motion of the defendant for a summary judgment redundant.

1. That opinion was declared inapposite to this consideration. Memorandum opinion herein of September 30, 1974.

2. Herein, the employee was prohibited from doing busines *anywhere* his employer had done business in the preceding year. In *Tanner, supra,* the employee had agreed to an unam-

biguous covenant not to complete in the United States, Canada and Mexico, an "\* \* \* extensive area covered by the employer's business \* \* \*". Even so, Judge Carney recognized that "\* \* \* the defendant's position would be greatly different from its present posture \* \* \*", if enforcement of the covenant was sought in a territory greater than necessary to protect the business interests of the employer.