**AEROTRADE, INC. and Aerotrade International, Inc., Plaintiffs,**

v.

**REPUBLIC OF HAITI, Defendant and Third-Party Plaintiff,**

v.

**Hartford Accident and Indemnity Company, Impleaded Third-Party Defendant.**

**No. 73 Civ. 3587.**

United States District Court, S. D. New York.

April 21, 1975.

Regan, Goldfarb, Heller, Wetzler & Quinn, New York City, for plaintiffs; Howard Breindel, Jan D. Atlas, Robert Aronson, New York City, of counsel.

Andreas F. Lowenfeld, New York City, for Republic of Haiti.

Hendler & Murray, New York City, for Hartford Accident and Indemnity Co.; Jerome Murray, Donald M. Lefari, Jason D. Wallach, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Aerotrade, Inc. and Aerotrade International, Inc. ("Aerotrade"), plaintiffs, commenced an action against the Republic of Haiti ("Republic") and simultaneously obtained an order of attachment. Plaintiffs, as required by statute, N.Y. C.P.L.R. § 6212(b) (McKinney's 1963), and the attachment order, filed an undertaking to secure payment of Republic's legal costs and damages for which Aerotrade would be liable in the event the attachment were vacated. The Hartford Accident and Indemnity Company ("Hartford") issued the undertaking and the property of the Republic was attached. Subsequently, the action was dismissed and the attachment was vacated. Haiti then moved to enforce Hartford's liability on its undertaking pursuant to Rule 65.1 of the Federal Rules of Civil Procedure, which provides that where such an undertaking is given the "surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond or undertaking may be served." No issue is raised as to the Republic's right to so proceed to recover damages. However, not a party to the action, Hartford moves for leave to serve a cross-claim against Aerotrade, and also against James O. Byers (President of Aerotrade) and his wife Irene for any sums to which Hartford may be found liable to the Republic. This proposed cross-claim against Aerotrade and the Byers is based upon an indemnity agreement executed by them to save and hold Hartford harmless upon its undertaking. The Byers, who are residents of Florida and were not parties to the action, are not subject to the jurisdiction of this court. Aerotrade, also a citizen of Florida, is not subject to this jurisdiction except to the extent it submitted thereto as a litigant in its action, which has now been dismissed.

■■ Rule 65.1 contemplates a summary procedure by parties entitled to recover damages from a surety. For this purpose the surety expressly consents to jurisdiction; however, such consent to jurisdiction is granted only in favor of the party entitled to proceed on the bond executed by the surety. Here the surety, by its proposed cross-claim, seeks to assert a claim against indemnitors upon an entirely separate agreement and in an action terminated as between the original parties. Any claim based upon the indemnity agreement executed by the Byers and Aerotrade may not be asserted under Rule 65.1. Neither may it be asserted as a cross-claim against Aerotrade and the Byers under Rule 13(g), since Hartford was not a party to the now discontinued action and cannot be considered a "co-party" within the meaning of Rule 13(g), *see* Murray v. Haverford Hospital Corp., 278 F.Supp. 5, 6 (E.D.Pa.1968), and since Hartford's claim is not one "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Fed.R.Civ.P. 13(g).

The motion for leave to serve a cross-claim is denied.