**STANDARD FORMS COMPANY,**
Plaintiff,

v.

**Joe R. NAVE, Defendant.**

**No. CIV–2–76–30.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 1, 1976.

Memorandum Opinion and Order
May 24, 1976.

Bernard H. Cantor, Cantor, Kiener & Bowman, Johnson City, Tenn., for plaintiff.

Ferdinand Powell, Jr., Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity action, 28 U.S.C. §§ 1332(a)(1), (c), for injunctive relief and the enforcement of a covenant-not-to-compete provision of a contract of the parties. Prior to such removal, the state court of origin herein granted the plaintiff an order restraining the defendant * from violating further such covenant. Rule 65.03(1), (2), (3), Rules of Civil Procedure for the state of Tennessee. The plaintiff moved this Court after removal for a temporary restraining order, Rule 65(b), Federal Rules of Civil Procedure, to restrain the defendant in like manner pending a hearing in this Court on the plaintiff's application for a preliminary injunction.

█ It is provided, *inter alia*, by 28 U.S.C. § 1450: " * * * All injunctions, orders, and other proceedings had in such action [removed from a state court to a district court of the United States] shall remain in full force and effect until dissolved or modified by the district court." A restraining order, granted by a Tennessee judge at the commencement of an action without notice, " * * * [u]nless it provides an earlier termination date, * * * shall remain in force until otherwise ordered by the court." Rule 65.03(5), Rules of Civil Procedure of the state of Tennessee. " * * * [P]leadings filed in state court * * * need not be duplicated in federal court. * * * [T]he statute [*i. e.,* 28 U.S.C. § 1450] ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. Thus, * * * injunctions * * * and other orders obtained in a

---

* The plaintiff was of the opinion that the restraining order of such court "could" expire under the provisions of Rule 6(b), Federal Rules of Civil Procedure. That order provided by its terms no termination date.

state court all remain effective after the case is removed to federal court. [Footnote reference omitted.] * * * " *Granny Goose Foods v. Teamsters* (1974), 415 U.S. 423, 435–436, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435, 448[6].

 It is patent that the ex parte restraining order issued by the judge of the Chancery Court at Johnson City, Tennessee herein was not a "temporary" restraining order, issued by a state court prior to removal, so as to come within the rule fashioned by Mr. Justice Marshall in the cited decision. *Ibid.,* 415 U.S. at 439, 94 S.Ct. at 1124, 39 L.Ed.2d at 451[12]. Although, " * * * once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal * * * ", *ibid.,* 415 U.S. at 437, 94 S.Ct. at 1123, 39 L.Ed.2d at 449[9], the evident remedy of the defendant, if he is dissatisfied with the continuation in its present form of the state restraining order granted by the state court before removal, is to apply to this Court under 28 U.S.C. § 1450 for its dissolution or modification. In its present posture, the restraining order, granted to protect the rights of the plaintiff, is restricted to its " * * * underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on any such application by the defendant for a dissolution or modification thereof], and no longer. [Footnote reference omitted.] * * * " *Ibid.,* 415 U.S. at 439, 94 S.Ct. at 1124, 39 L.Ed.2d at 450[11].

 This Court, being of the opinion that the restraining order of February 19, 1976 has not lapsed but remains effective after removal, the application of the plaintiff for a temporary restraining order hereby is

DENIED as moot. However, as an ex parte restraint of the defendant has been ordered and is in effect without his having been accorded a hearing thereon, he shall answer or present other defenses in the manner prescribed by Rule 81(c), Federal Rules of Civil Procedure, after which the clerk will advance this action in the assignment of a pretrial conference, and trial of this action shall be expedited. Rule 65(a)(2), Federal Rules of Civil Procedure.

## MEMORANDUM OPINION AND ORDER

This is a removed diversity action brought by the plaintiff corporation for injunctive relief and the enforcement of a covenant-not-to-compete provision of a contract between it and the defendant, its former sales representative. 28 U.S.C. §§ 1332(a)(1), (c); 1441(a). Prior to removal to this Court, the state chancellor issued a restraining order prohibiting the defendant from violating such covenant. Such restraining order remained effective after such removal. See memorandum opinion and order herein of April 1, 1976. The defendant moved the Court thereafter for the dissolution of such injunction.

The defendant contends principally that the aforementioned contractual provision, upon which the restraining order is based, is void and unenforceable for unreasonableness. Such covenant provides:

\* \* \* \* \* \*

The Representative [defendant] agrees that he will not, without written consent for a period of one year after date of termination of employment (for whatever reason) engage, assist or have any active interest in any business (directly or indirectly, individually or in combination with another or others, or as principal partner, agent, contractor, employee or officer of a Corporation or otherwise) which is engaged in manufacturing, producing and/or selling any product or products that compete with corporation [the plaintiff] in Representative's former territory. \* \* \*

\* \* \* \* \* \*

 It is the general rule in Tennessee that a covenant restraining future competition is valid if it is reasonable as to time and space. *Telecommunications, E. S. & S. Co., Inc. v. Southern Tel. S. Co.,* D.C.Tenn. (1974), 380 F.Supp. 997, 1003[5]. " * * * There is no inflexible formula for deciding the ubiquitous question of reasonableness,

insofar as noncompetitive covenants are concerned \* \* \* [rather,] \* \* \* each case must stand or fall on its own facts. \* \* \* " *Allright Auto Parks, Inc. v. Berry* (1966), 219 Tenn. 280, 409 S.W.2d 361, 363[2]. " \* \* \* It is generally agreed that, before a noncompetitive covenant will be upheld as reasonable and therefore enforceable, the time and territorial limits involved must be no greater than is necessary to protect the business interests of the employer. \* \* \* " *Ibid.*, 409 S.W.2d at 363[3]. In making such determination the Court may consider such factors as the consideration supporting it, the threatened danger to the employer in the absence of such an agreement, the economic hardship imposed on the employee, and the public interest. *Ibid.*, 409 S.W.2d at 363[2].

▮ The defendant does not contend that the covenant involved herein is unreasonable as to time: it obviously is not. *Cf. Delta Corporation of Amer. v. Sebrite Corporation*, D.C.Tenn. (1974), 391 F.Supp. 638, 640[1]. This covenant limits Mr. Nave from engaging in, or being associated with, any business which competes with the plaintiff in Mr. Nave's former territory. Such limited area was defined as follows by Mr. Nave in his affidavit filed herein:

\* \* \* When I ceased to work [for the plaintiff] on January 6, 1976 I had covered a maximum extent of territory bounded by Elizabethton, Bristol Abingdon, Marion, Wytheville, Tazewell, Virginia, Bluefield, West Virginia, Pikeville[,] Kentucky, Pound, Norton, Big Stone Gap, Virginia, Gate City, Virginia, Rogersville, Morristown, Dandridge and Newport, Tennessee, Asheville, and Weaverville, North Carolina, and back to Elizabethton, Tennessee. None of my solicitations or sales were outside of that area except one sale in Montgomery, Alabama on a reference from Norton Community Hospital. \* \* \*

This description is not disputed by the plaintiff.

▮ It is evident that the foregoing geographical area, in which the covenant prohibits Mr. Nave from competing with the plaintiff, is not greater than is reasonably necessary to protect Standard Forms' business interests. In a covenant of very similar import[1] a former sales representative agreed not to compete with his former employer within his (the employee's) previous geographical sales and service territory, which consisted of the entire states of North Carolina, Georgia, and Virginia. In considering such employee's attack upon the validity of such restraint, it was held that the provision was not unreasonable under Tennessee law either as to its duration or territory. *Telecommunications, E. S. & S. Co., Inc. v. Southern Tel. S. Co., supra*, 380 F.Supp. at 1003[8].

Mr. Nave's argument, that this covenant is unreasonable and void because it prohibits him from accepting any type of employment anywhere in the world by any company which competes with the plaintiff in Mr. Nave's former territory, is untenable.[2] The only area in which Mr. Nave may not presently compete with Standard Forms is within his defined former territory. He is not precluded from engaging in such competition for one year, so long as it does not occur within this reasonably limited geographical area. Under the plain terms of this covenant the defendant is merely forbidden from competing with Standard Forms in this one specific region. Whether such competition arises from within or without such territory is irrelevant: the scope of the restricted territory is reasonably narrow.

1. " \* \* \* [T]he employee will not, directly or indirectly for himself or any other person or company, sell or offer for sale competitive items of [the employer], within the employee's geographical sales or service territory or otherwise utilize the customers and business established while an employee of [the employer] for a period of eighteen (18) months after the termination of this agreement. \* \* \* "

2. Clearly, Mr. Nave's working for such a company as a "bookkeeper" or as a "mere janitor" would not be an infringement of his contractual restriction, since by so doing he would not be " \* \* \* engag[ing], assist[ing] or hav[ing] any active interest in any [such] business. \* \* \* "

It thus appearing that the covenant-not-to-compete involved herein, considering the threatened danger to the plaintiff in the absence of such an agreement, the consideration supporting it, the economic hardship imposed upon Mr. Nave, and the public interest, is reasonable both as to its duration and territory, and that such provision is not void and unenforceable as a matter of law, the motion of the defendant to dissolve the restraining order herein based upon such contentions hereby is

DENIED.

■ The defendant contends further that the restraining order should be dissolved, because the $250.00 security bond required thereon by the state court is inadequate. Upon removal of this action hereto such bond remained in full force and effect, and will continue to do so until dissolved or modified by this Court. *Sylvia Silvers, Et Al.,* plaintiffs and defendants-by-cross claim, *v. TTC Industries, Inc., Et Al.,* defendants and plaintiffs-by-cross claim, *Gabriel S. Kaye, Etc.,* plaintiff-by-cross claim, civil action no. 2459, this district and division, memorandum opinion and order of January 14, 1972. 28 U.S.C. § 1450.

■ " * * * The requirement of security is intended to protect the party restrained or enjoined, as the case may be, against 'costs and damages' incurred or suffered by the party wrongfully restrained or enjoined. It is not intended to cover payment of such sum as the court may decree to be paid on the merits of the case, but, on the contrary * * * to cover 'costs and damages' directly sustained as the result of an improvident issuance of the restraining order or preliminary injunction. * * * " 7 Moore's Federal Practice (2d ed.) 65–94 ¶ 65.09.

It appears to this Court that the $250.00 security herein is grossly inadequate to assure the adequate protection of Mr. Nave's interests for the following reasons:

(1) The restraining order was issued by the state chancellor on February 19, 1976. Such amount of security might have appeared sufficient at that time.

(2) Since that time, Mr. Nave has been effectively restrained from engaging in his normal occupation. He is no longer employed by the new business in which he was briefly engaged. He apparently is unemployed at this time and has been so since the issuance of the restraining order.

(3) He apparently would have been quite successful in his new business endeavor had the restraining order not been issued. (Mr. Nave's affidavit states that during the few weeks before he was restrained he had completed a volume of $15,000 in gross sales in this new business.)

■ Obviously, if this restraining order has been improperly issued Mr. Nave will have been damaged in an amount greatly exceeding $250.00. This Court has broad discretionary power to modify the terms of such a restraining order if the present existing circumstances require it. *System Federation No. 91 v. Wright* (1961), 364 U.S. 642, 647, 81 S.Ct. 368, 5 L.Ed.2d 349, 353 (headnotes 1, 2, 3). " * * * [T]he matter of requiring security in each case rests in the discretion of the [d]istrict [j]udge. * * * " *Urbain v. Knapp Brothers Manufacturing Company,* C.A.6th (1954), 217 F.2d 810, 815–816[4], certiorari denied (1955), 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260. " * * * Necessarily, at the beginning of an action, the amount of security adequate for a defendant's protection is a matter of estimate. * * * If the security required by the courts becomes inadequate * * * " the court may assure the defendant's protection by requiring additional security to be posted. *International L. Garment Work. Un. v. Donnelly G. Co.,* C.C.A.8th (1945), 147 F.2d, 246, 252–253 [1–3], certiorari denied (1945), 325 U.S. 852, 65 S.Ct. 1088, 89 L.Ed. 1972.

■ The security required of the plaintiff, being deemed inadequate, the plaintiff will post a bond increasing the penal amount of such security to five thousand dollars ($5,000) within 10 days herefrom. Upon the failure of the plaintiff to post such bond in the increased amount within such period, the injunction herein will

thereupon stand DISSOLVED at the end of such period.

The defendant also moved for a judgment on the pleadings, or alternatively, for a summary judgment. Rules 12(c), 56(b), Federal Rules of Civil Procedure. Such former motion's presenting matters outside the pleading which have not been excluded by the Court, it will be treated as one for summary judgment and disposed of as provided in Rule 56(c), Federal Rules of Civil Procedure, all parties having been given a reasonable opportunity to present all material made pertinent to such a motion. Rule 12(c), Federal Rules of Civil Procedure. The plaintiff moved for a summary judgment as to the issue of the defendant's liability only. Rule 56(a), Federal Rules of Civil Procedure. Each such motion is without merit.

■ Mr. Nave claims defensively that, prior to terminating his employment relationship with the plaintiff, he discussed the same along with his future plans to establish a similar business within his former territory with Mr. Lowell Greene, an officer of Standard Forms. By affidavit Mr. Nave stated that Mr. Greene, in behalf of the corporation, agreed to release him from the terms of his employment contract including the aforementioned noncompetitive provision. A memorandum signed by Mr. Greene purportedly confirmed this position. Mr. Nave also maintains that Mrs. Alpha Greene Bridger, as Standard Forms' president and general manager, orally released him from the said contract and otherwise informed him in behalf of the corporation that it would not bind him to the covenant-not-to-compete contained therein.

By counteraffidavit, Mrs. Bridger stated that at the time of such alleged release by Mr. Greene, such individual was not an officer of the corporation, and that at no pertinent time did he have the power to bind the plaintiff as to such matters. She further specifically denies that she ever released Mr. Nave from his contract or in any manner indicated that either she or the corporation would not enforce such covenant.

It thus being obvious that genuine issues as to material facts are extant between the parties, summary judgment is inappropriate. *Wilber v. Arkuszewski,* D.C.Tenn. (1970), 52 F.R.D. 291, 292[3]. Each such motion hereby is

DENIED.