Paula **MAJOR**

v.

**GENERAL MOTORS CORPORATION.**

**Charles HERRINGTON and
Edward Herrington**

v.

**GENERAL MOTORS CORPORATION.**

Nos. 3–86–0955, 3–87–0096.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 28, 1990.

Patrick Johnson, Bagwell, Bagwell, Parker, Riggins & Kennedy, Nashville, Tenn., for plaintiffs.

Noel F. Stahl, W. Gregory Miller, Cornelius & Collins, Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court is the defendant's motion to enforce surety bonds exe-

cuted by plaintiffs' counsel at the outset of the above-styled actions.

## FACTS

Plaintiffs initiated these actions in the Circuit Court for Montgomery County, Tennessee. Defendant removed these actions to the United States District Court for the Middle District of Tennessee where they later were consolidated. On each of the two original complaints filed by the plaintiffs in the circuit court, plaintiffs' counsel made himself "surety for costs not to exceed $500.00." On January 29, 1989, this Court entered a jury verdict in favor of the defendant in the consolidated actions. On February 23, 1989, defendant filed a bill of costs against the plaintiffs in the amount of $5,533.68. Plaintiffs filed no objections to the bill of costs.

On March 23, 1990, thirteen months after filing its bill of costs, defendant filed its motion to enforce the surety bonds executed by the plaintiffs' counsel at the outset of these actions. The motion states that the "defendant's attorneys have been advised by plaintiffs' attorney that plaintiffs will not pay anything towards the bill of costs." In his response, plaintiffs' counsel neither confirmed nor denied this statement. Defendant's motion did acknowledge that plaintiffs' attorney had indicated that he had "been able to raise $1,844.56 from one of the insurance companies involved in the prosecution of this action." In his response, plaintiffs' counsel indicated that, on behalf of the plaintiffs and concurrent with the filing of his response, he had forwarded the $1,844.56 contribution to defendant's attorneys. The application of this contribution to the assessed costs leaves a $3,689.12 deficit in costs still to be paid. It is this deficit that defendant contends entitles it to have enforced the two $500.00 surety bonds executed by plaintiffs' counsel.

Plaintiffs' counsel opposes the enforcement of the surety bonds on two grounds. First, plaintiffs' counsel argues that the surety bonds, executed in state court prior to the removal of these actions, are not enforceable by this Court. Second, plaintiffs' counsel argues that, even if the surety bonds are enforceable by this Court, his obligation under the bonds was fulfilled by the $1,844.56 contribution that he has already forwarded to the defendant's attorneys.

## DISCUSSION

■ Plaintiffs' counsel's first argument, that the surety bonds, executed in state court prior to the removal of these actions, are not enforceable by this Court is incorrect. 28 U.S.C. § 1450, *inter alia*, provides for the preservation of bonds or security when actions are removed from state court to a United States District Court. In pertinent part, section 1450 provides:

[a]ll bonds, undertakings, or security, given by either party in [a removed] action prior to its removal shall remain valid and effectual notwithstanding such removal.

The surety bonds executed by plaintiffs' counsel remained in full force and effect after the removal of these actions and are enforceable by this Court. *See Standard Forms Co. v. Nave*, 422 F.Supp. 619, 624 (E.D.Tenn.1976).

■ Plaintiffs' counsel also argues that, even if his surety obligations are enforceable by this Court, these obligations were fulfilled upon payment to defendant's attorneys of the $1,844.56 contribution from one of the insurance companies involved in the prosecution of this action. Plaintiffs' counsel contends that his limitation of each of his surety obligations to "costs not to exceed $500.00" means that his obligation for costs goes no further than "to ensure that the first $1,000.00 of court costs are paid." Defendant, however, contends that plaintiffs' counsel's obligation under the two surety bonds is to make up any deficit in costs assessed against the plaintiffs, up to $1,000.00.

Since the surety bonds were executed in a Tennessee state court and under Tennessee law, the Court looks to Tennessee law to resolve this dispute. Tennessee Code Annotated § 20–12–125 provides in part that "where there is security taken, of record in any court ..., the surety shall

undertake to pay all costs that may be at any time adjudged against his principal, in the event they are not paid by said principal." Nevertheless, a surety's obligation can "not be construed to extend a surety's liability beyond the terms of his actual obligation, which is *stricti juris.*" *Spears v. Sherman,* 148 Tenn. 430, 432, 256 S.W. 436, 437 (1923).

In the instant case, plaintiffs' counsel clearly limited his personal liability for costs to $500.00 in each of the two surety bonds, thereby limiting to $1,000.00 his total liability to the defendant for costs. Plaintiffs' counsel, however, would have this Court read into his obligation an additional limitation, one which would confine his liability to the first $1,000.00 of costs assessed against the plaintiffs. The Court has found no support for such a reading of plaintiffs' counsel's surety obligation. While the rule of *stricti juri* prevents the Court from extending the liability of a surety beyond any express limitations in his obligation, the rule should not be used "to refine away plain terms." *Day v. Walton,* 199 Tenn. 10, 281 S.W.2d 685, 691 (1955). Plaintiffs' counsel plainly make himself liable, up to $1,000.00, as surety for costs assessed against the plaintiffs. Since a balance of over $3,000.00 of assessed costs remains to be paid, and since plaintiffs' counsel himself has apparently informed defendant's attorneys that the plaintiffs will make no other contribution toward these costs, the Court finds that it may properly enforce the surety bonds executed by plaintiffs' counsel. As a surety, plaintiffs' counsel still retains the right to seek indemnification from the plaintiffs. *See* Tenn.Code Ann. § 25–3–122.

Defendant's motion to enforce the surety bonds executed by plaintiffs' counsel is hereby GRANTED. An Order will be entered simultaneously with this Memorandum.

### ORDER

For the reasons stated in the contemporaneously issued Memorandum, the Court hereby GRANTS the defendant's motion to enforce the surety bonds, totaling $1,000.00, executed by plaintiffs' counsel in the above-styled actions.