Paula MAJOR

v.

GENERAL MOTORS CORPORATION.

Charles HERRINGTON, et al.

v.

GENERAL MOTORS CORPORATION.

Nos. 3-86-0955, 3-87-0096.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 14, 1990.

Patrick Johnson, Bagwell Bagwell Parker Riggins & Kennedy, Nashville, Tenn., for plaintiffs.

Noel F. Stahl, David A. King, W. Gregory Miller, Cornelius & Collins, Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court is plaintiffs' counsel's motion for judgment, as surety, against plaintiff Paula Major, Marjorie Barbee, and David Barbee, as principals, pursuant to Tenn.Code Ann. § 25–3–122.

## FACTS

Plaintiffs initiated the above-styled actions in the Circuit Court for Montgomery County, Tennessee. Defendant removed these actions to this Court where they were subsequently consolidated. On each of the two original complaints filed in these actions, plaintiffs' counsel, Patrick Johnson, made himself "surety for costs not to exceed $500.00." On January 25, 1989, this Court entered a jury verdict in favor of the defendant in the consolidated actions. On February 23, 1989, the defendant filed a bill of costs against the plaintiffs in the amount of $5,533.68. On March 23, 1990, apparently after receiving notice from Mr. Johnson that the plaintiffs would not pay anything toward the bill of costs, the defendant filed a motion to enforce the two surety bonds, totalling $1,000.00, executed by Mr. Johnson at the outset of these actions. This Court, in a Memorandum and Order entered June 28, 1990, 742 F.Supp. 1355, found that the surety bonds remained in full force and effect after removal of these actions and that the Court had the authority to enforce them. The Court then granted the defendant's motion. As surety, Mr. Johnson now seeks indemnification from plaintiff Paula Major, Marjorie Barbee, and David Barbee.

## DISCUSSION

Because the surety bonds at issue were executed in Tennessee state court and under Tennessee law, the Court looks to Tennessee law to determine if it has the authority to grant Mr. Johnson's motion for judgment, as surety, against his principals. Rule 65A of the Tennessee Rules of Civil Procedure provides that the "liability [of a surety] may be enforced by motion without the necessity of an independent action." It makes no similar provision for proceedings by sureties against their principals. This is in accord with the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 65.1. Mr. Johnson, however, cites Tenn.Code Ann. § 25–3–122 as entitling him to a judgment by this Court against Ms. Major and the Barbees. This section provides:

> Sureties are entitled to judgment by motion against their principals:
>
> (1) Whenever judgment has been rendered against them by sureties;
>
> (2) Whenever such judgment, or any part thereof, has been paid by the surety.

Although this section does not provide for a summary proceeding by which sureties may proceed against their principals, a motion made pursuant to this statute is an independent and original action. *See* 23 *Tennessee Jurisprudence*, Suretyship § 30 at 298 (1985) (citing cases). *See also* 19 *Tennessee Jurisprudence*, Motions and Summary Proceedings § 3 at 102 (1985) (in such a summary proceeding, "the motion is the commencement of the proceeding"). Thus, for this Court to entertain Mr. Johnson's motion, it would have to be made in an independent action and, as such, it would have to satisfy the jurisdictional requirements of the federal district court.

In the instant case, even if Mr. Johnson were to file his motion as an independent action, this Court could not exercise jurisdiction over it. Because this motion is based upon Tennessee state law, it presents no federal question. Nor does Mr. Johnson's cause of action fulfill the jurisdictional amount of diversity requirements of diversity jurisdiction. While it is true that, under Tennessee state law, jurisdiction over proceedings by sureties against principals can properly be exercised by the court in which judgment against the

surety was rendered, *see, e.g., Byram v. McDowell,* 83 Tenn. (15 Lea) 581 (1885), state law cannot confer jurisdiction upon federal courts in contradiction to federal law. This Court finds no basis upon which it may exercise jurisdiction over Mr. Johnson's motion in either this or an independent action. Mr. Johnson must, therefore, seek his judgment in state court.

Plaintiffs' counsel's motion is hereby DENIED. An Order will be issued simultaneously with this Memorandum.

### ORDER

For the reasons stated in the contemporaneously issued Memorandum, the Court hereby DENIES plaintiffs' counsel's motion for judgment, as surety, against plaintiffs Paula Major, Marjorie Barbee, and David Barbee.

The Court also ORDERS that a copy of this Order and Memorandum be mailed by the Clerk to Paula Major, Marjorie Barbee, and David Barbee at 346 Hampshire Drive, Clarksville, Tennessee 37040.